## THE COOPER HOSPITAL v. THE CITY OF CAMDEN.

### Argued June 4, 1903—Decided February 23, 1904.

1. Tax exemptions are not favored, and must be given the most rigid admissible construction.
2. In view of the purposes declared in the preamble, the exemption should be limited to such real estate as is held for the erection of hospital buildings.
3. There must be some restriction to the right of exemption, otherwise such corporations could hold lands in every municipality of the state free from tax.
4. If the construction adopted is too narrow, then the right to exemption must apply to such lands only as are necessary to the purposes of the corporation, and there has been no attempt to show such necessity in this case.
5. The right of the corporation to hold, lease and convey lands may be entitled to a more liberal interpretation.

On *certiorari.*

The heirs of William D. Cooper proposed to convey to trustees certain lands in the city of Camden for the purpose of erecting thereon hospital buildings and to appropriate moneys for their support, and thereupon an act was passed in March, 1875, incorporating the Camden hospital.

The preamble to the act recites the said proposal and the act provided for carrying it into effect.

The first section of the act authorized the hospital corporation to purchase, hold and take lands and personal property, and to sell, lease and dispose of the same for its purposes.

The fourth section provided that its property and effects held or used for the purposes contemplated by the act should not be subject to any tax or assessment.

The question involved is whether real estate not used for hospital buildings, and remote from the lands on which they are erected, is exempt from taxation, it appearing that such real estate is rented by the corporation.

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Voorhees & Booraem.*

For the defendant, *Henry M. Snyder, Jr.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 24th of March, 1875, the legislature passed the following act entitled "An act to incorporate the Camden Hospital:"

"WHEREAS, It is proposed by the devisees of William D. Cooper, deceased, late of the city and county of Camden, in the State of New Jersey, and Alexander Cooper, to convey certain lands in the said city of Camden to Albert W. Markley, Peter L. Voorhees, Charles P. Stratton, Rudolphus Bingham, Thomas F. Cullen, Joseph B. Cooper, Augustus Reeve, Alexander Cooper and John W. Wright, as trustees, for the purpose of erecting thereon a building or buildings, to be used as a free hospital, and to appropriate moneys for the maintenance and support of the same, pursuant to the wishes and directions of the said William D. Cooper, deceased; and whereas, it is considered that the benevolent intention of the projector of such institution and of the said donors can be better carried out and the objects sought to be accomplished, facilitated and promoted by an act of incorporation; therefore,

"1. *Be it enacted* by the Senate and General Assembly of the State of New Jersey, That Albert W. Markley, Peter L. Voorhees, Charles P. Stratton, Rudolphus Bingham, Thomas

F. Cullen, Joseph B. Cooper, Augustus Reeve, Alexander Cooper and John W. Wright be and they are hereby constituted and made a body politic and corporate in fact and in law by the name 'The Camden Hospital,' and by that name they and their successors shall have perpetual succession, power to sue and be sued, to make and use a common seal, to purchase, take, have, hold, receive and enjoy any lands, tenements or hereditaments in fee-simple or otherwise, and any goods, chattels or property of any description, real or personal, whether acquired by gift, grant or otherwise, and to grant, convey, lease, assign, sell or otherwise dispose of the same for the purposes of the said corporation.

"2. *And be it enacted,* That the object of said corporation shall be to afford gratuitous medical and surgical aid, advice, remedies and care to such invalid or needy persons as, under the rules and by-laws of said corporation shall be entitled to the same, and to construct such buildings and make such provisions as are necessary for the accomplishment of said object.

"3. *And be it enacted,* That the incorporators of this act shall continue the board of managers of said corporation and shall have exclusive control of the management and business concerns of said institution, both external and internal; shall have authority to fill vacancies in their own board, however occasioned, and to make such constitution and by-laws for the regulation of their organization and the conduct of their business as they may deem necessary.

"4. *And be it enacted,* That the property and effects of the said corporation held or used for the purposes contemplated by this act shall not be subject to the imposition of any tax or assessment.

"5. *And be it enacted,* That this act shall take effect immediately."

On the 6th day of May, 1875, Sarah W. Cooper and Elizabeth B. Cooper, devisees of William D. Cooper, deceased, and Alexander Cooper, conveyed to "The Camden Hospital" certain lands in the city of Camden for the purpose of erecting thereon a building or buildings to be used as a free hospital,

and the benevolent purpose of said donors was given effect by the erection of hospital buildings on said lands.

By her will, dated June 17th, 1879, and a codicil thereto, dated October 15th, 1888, the said Elizabeth B. Cooper devised to "The Camden Hospital" a lot of land·in the city of Camden, known as No. 105 Penn street, which is not adjacent to the lands on which the hospital buildings are erected. The said lot was conveyed by Alexander Cooper to Elizabeth B. Cooper by deed, dated June 20th, 1877, and is no part of the lands referred to in the preamble to the act of incorporation.

The only question in the case is whether said lot is exempt from taxation.

No hospital building has been erected upon the said lot, and it has not been used for the purposes of the hospital, unless the rents of the said lot have been applied to the support of the hospital, and such appropriation of the rents is held to be a use of the land for hospital purposes within the meaning of the tax-exemption clause contained· in the fourth clause of the incorporating act.

Admitting that the hospital is a private corporation, and that upon the acceptance of the act by the erection of hospital buildings on the lands conveyed to it in 1875, a contract was created with the said corporation, the question is presented whether the lot No. 105 Penn street is within the operation of the contract with respect to its exemption from taxation.

The strictness and rigor with which such contracts are construed is well stated in the opinion of Mr. Justice Pitney, delivered March 9th, 1903, and reported in 39 *Vroom* 691, as follows:

"A contract that disables the state from exercising the sovereign prerogative of taxation with respect to the property of a given corporation is in derogation of common right and, so far as it goes, is subversive of the power of government itself. Every reasonable intendment is against the existence of such a contract.

"He who comes into court asserting its existence must be

prepared to show that in fact it was made as alleged and that its terms are such as to reasonably admit of no other interpretation than that claimed."

This rule has nowhere been more stringently applied than in this state.

The following cases, among others, are samples of such construction: *State* v. *Krollman, Collector, 9 Vroom* 574; *State* v. *Axtell, 12 Id.* 117; *State Board* v. *Paterson Railroad Co.,* 21 *Id.* 446; *Mount Pleasant Cemetery* v. *Newark, 23 Id.* 539; *Congregation* v. *Brakelee, Collector, 38 Id.* 176; *Presbyterian Board* v. *Fisher, Collector, 39 Id.* 143.

To constitute an exemption from taxation in such a case it must clearly appear that the state surrendered its right to impose the burden.

Is such an intention expressed in the act invoked by the prosecutor?

To ascertain the intention of the legislature we must look to the preamble of the act.

In *Pott. Dwar. Stat.* 265 the office of the preamble is described as follows:

"The preamble states with more or less accuracy the object of a law and the occasion of its making. Its first legitimate and unquestioned use is to ascertain what the cases are to which the act was intended to apply. It has never been disputed that the preamble to an act may properly be used to ascertain and fix the subject-matter to which the enacting part is to be applied."

This rule has been accepted in this state. The cases are cited in *Stew. Dig.* 1025. *Den, James* v. *Du Bois, 1 Harr.* 285; *Camden and Amboy Railroad Co.* v. *Briggs, 2 Zab.* 623, 674; *Den, Lloyd* v. *Urison, Penn.* 212; *Leonard* v. *Lawrence, 3 Vroom* 355; *Shields* v. *Lozear, 5 Id.* 496.

The intention of the legislature in passing the act was expressly declared in the preamble to be to enable the corporation to receive lands for the erection of hospital buildings thereon and money for the maintenance and support of them.

The fourth section provides that the property and effects

of the corporation held or used for the purposes contemplated by the act shall not be subject to taxation.

Real estate therefore, to be within the exemption, must be held or used for the purpose of erecting hospital buildings thereon; it must be such land as is actually used for that purpose or such land as is held for that purpose for future use.

The lot which has been taxed is distant from the lands on which the buildings are erected, and there is nothing in the case to show that it is available for the erection thereon of hospital buildings or that it is contemplated to hold or use it for such a purpose.

If a contract for tax exemption was made, it was with said corporation as the representatives of the donors mentioned in the preamble, and in the absence of any declaration to the contrary it should not be held to extend to any gift or purchase of land for any purpose other than for the erection of hospital buildings, which the preamble shows was the only purpose in the legislative mind when the act was passed.

If the right to exemption is conceded in this case, this corporation and all other benevolent corporations with like exemptions could purchase and hold lands in every municipality in the state free from taxation.

Such a construction of the act, which would deprive the state to so great an extent of the power of taxation absolutely essential to the conduct of government, cannot be adopted if the statute will reasonably bear a more restricted interpretation.

There must be some limitation upon the claim to exemption, and that limitation, in my judgment, is one above indicated.

But if this limitation is too narrow, still it cannot reasonably be maintained that lands not held or used for the erection of hospital buildings are within the exemption unless the rents or income derived from them are necessary to the support of the hospital.

In the first section of the corporation act a limitation is expressly placed upon the right to purchase and sell real estate by the language "for the purposes of the corporation." The

grant -of such power is clearly circumscribed. The benevolent intention and the words of limitation will be given their full effect by restricting the powers of such real estate as is necessary to the successful operation of the hospital.

It rests upon the prosecutor to show that necessity, but no attempt has been made to do so.

Under the rules of interpretation which apply to tax-exempting contracts with the state the narrowest admissible effect must be given to them, and it may be that the capacity granted to the corporation to purchase and sell land should receive a more liberal construction.

I think we may impute to the legislature the intent to permit the corporation to hold and dispose of lands without bringing them within the tax-exemption clause, unless they are held or used for hospital buildings, which is the use clearly expressed in the preamble. The fact that the exemption is not of all property which may be held by the hospital is significant that there may be some property of the corporation to which it does not apply.

In my judgment the tax certified was legally imposed, and it should be affirmed, with costs.