MAUSOLEUM BUILDERS OF NEW JERSEY, A BODY COR-
PORATE, PROSECUTOR, v. THE STATE BOARD OF
TAXES AND ASSESSMENT, SUCCESSOR TO THE BOARD
OF EQUALIZATION OF TAXES OF NEW JERSEY, AND
BOROUGH OF TOTOWA, RESPONDENTS.

Argued November 4, 1915—Decided February 3, 1916.

1. A mausoleum containing four hundred crypts, to be used as a place of sepulture for the dead, built by an independent corporation on land in the Laurel Grove Cemetery, at Totowa, is not exempt from taxation. It is not a building within the meaning of the Tax act exempting "buildings for cemetery use erected thereon."

2. Words, in a statute, descriptive of material things, should be construed in reference to the history of the times when the statute was passed, and applied to things then known to be in existence.

On *certiorari.*

Before Justices GARRISON, TRENCHARD and BLACK.

For the prosecutor, *Michael Dunn.*

For the respondents, *Daniel L. Campbell.*

The opinion of the court was delivered by

BLACK, J.  The writ of *certiorari* in this case was brought to review an assessment of taxes made in the borough of Totowa, Passaic county, real estate, $500, and building, $35,000.  The county board of taxation canceled the assessment on real estate and confirmed the assessment on the building.  The state board of equalization of taxes affirmed the judgment of the county board of taxation.  The prosecutor seeks to have the assessment on the building canceled, on the ground that it is exempt from taxation.  The salient facts are: The prosecutor is a corporation organized under the General Corporation act of New Jersey.  Its objects as stated in the certificate of incorporation, are in broad and sweeping terms, which includes the building of mausoleums.  The land on which the building assessed stands is a plot one hundred feet in width and one hundred and fifty feet in depth, in the Laurel Grove Cemetery.  The Laurel Grove Cemetery was incorporated by a special act of the legislature, March 22d, 1872.  *Pamph. L., p. 755.*  It is authorized to hold in fee a tract of land not exceeding two hundred acres for the use and purpose of a cemetery.  The land was purchased in 1887.  A resolution of the Laurel Grove Cemetery Company provides for selling the plot of land to the prosecutor.  The Mausoleum Builders Company of New Jersey may erect what is known as a mausoleum, as a place of sepulture for the dead, the plans and specifications to be first approved by the directors of the cemetery company.  The said mausoleum is to be maintained, run and operated, after its completion, under the terms and conditions of an agree-

ment to be made between the prosecutor and the cemetery company. The building on the land contains about four hundred crypts. These crypts are to be sold to such persons as may desire to buy them, as a perpetual resting place for the dead.

The single question presented for solution in this case is whether this mausoleum is taxable, *i. e.,* is it a building under section 3, subdivision 6 of the General Tax act of 1903, page 396, which exempts "Graveyards not exceeding ten acres of ground, cemeteries and buildings for cemetery use erected thereon."

In construing statutes exempting property from taxation, it is settled beyond further discussion by a long line of adjudged cases, that such statutes granting immunity from taxation must be construed strictly. Our Court of Errors and Appeals has said, that the true rule upon this subject is accurately stated thus: "A grant of exemption from taxation, being in the nature of a renunciation of sovereignty, must invariably be construed most strictly against the grantee, and can never be permitted to extend, either in scope or duration, beyond what the terms of the concession clearly require." *Sisters of Charity of St. Elizabeth* v. *Cory,* 73 *N. J. L.* 706; *Cooper Hospital* v. *City of Camden,* 70 *Id.* 478. This rule was applied by this court in construing the word "property" in the act to incorporate rural cemeteries, as not including personal property of cemetery associations. *Rosedale Cemetery Association* v. *Linden,* 73 *Id.* 421.

That this mausoleum is not exempt from taxation, it may be said, to use the language contained in the state tax board's conclusion, when the legislature exempted buildings for "cemetery use," it could hardly have had in mind such a structure as that involved in this appeal, for such buildings were not then known or contemplated. It is true, that from time immemorial mausoleums have been used as a place of sepulture for individuals, or for members of an entire family, but never before, in this state at least, has the erection and maintenance of mausoleums and the sale of space therein been made a matter of commercial enterprise, conducted by

a private business corporation. In construing an act of the legislature the court may and ought to examine and take into consideration the history of the times when the statute was passed. *Coleman* v. *Kelly*, 71 *Kan.* 811; 70 *L. R. A.* 450. For an interesting and illustrative case, in which the opinion was written by Mr. Justice Reed, bearing upon the meaning of the words "electric or chemical motors" in a statute, see *Green* v. *City of Trenton*, 54 *N. J. L.* 92, 96.

The state board of equalization of taxes ruled that "buildings for cemetery use" meant buildings essential and necessarily incidental to the use of the cemetery. This, we think, is the correct construction of the statute and in its application to the mausoleum in this case, that it is not exempt from taxation.

Again, it is urged by the prosecutor, that under the provisions of the Laurel Grove Cemetery Company's charter (*Pamph. L.* 1872, *p.* 755, § 9), this mausoleum is exempt from all taxes and assessments whatsoever. This is without legal merit and needs no discussion.

The tax assessed against the prosecutor is therefore affirmed.