BOARD OF TRUSTEES AND BOARD OF MANAGERS OF BLAIR ACADEMY AND BLAIR ACADEMY, PROSECU-TORS, v. STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Argued May 3, 1928—Decided May 14, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *Wayne Dumont* and *Jehiel G. Shipman.*

For the defendant Taxing District of the Township of Blairstown, *Egbert Rosecrans.*

For the defendant State Board of Taxes and Assessment, *Edward L. Katzenbach,* attorney-general.

PER CURIAM.

The *certiorari* in this case was allowed to review an order or judgment of the state board of taxes and assessment, dated January 10th, 1928, reinstating a certain assessment made by the taxing district of the township of Blairstown, in the county of Warren, for the purpose of taxation for the year 1927, which order or judgment of the state board of taxes and assessment set aside and reversed the judgment of the Warren county board of taxation filed July 16th, 1927, canceling the said assessment. The ground or basis of the judgment of the state board of taxes and assessment was, there was "no proof produced before the board indicating that any of the parties claiming the exemption (*i. e.*, for school purposes), and holding the legal or equitable title to the property in question, are incorporated or organized under the laws of New Jersey and authorized to carry out a purpose for which this exemption may be allowed," as provided for in the General Tax act. *Pamph. L.* 1925, *p.* 537, § 203 (4). The property is owned as a subsidiary to the Presbytery of Newton, New Jersey, under three trust deeds, *Exhibits P-1, P-2* and *P-3*. An academy, school or institution of learning is operated under these trust deeds under the control of the Presbytery.

It is entirely settled to claim exemption the facts must clearly bring the case within the terms of the statute. Nothing can be left to implication. A statute granting immunity from taxation must be strictly construed.

Our reading of the record satisfies us that the judgment of the state board under the facts as disclosed by the record was proper. The result is the judgment of the state board is affirmed and the *certiorari* is dismissed, with costs.