YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF HARVEY CEDARS, NEW JERSEY, PROSECUTOR, v. ELSIE H. PELHAM, COLLECTOR OF TAXES OF THE BOROUGH OF HARVEY CEDARS, RESPONDENT.

Submitted October term, 1930—Decided January 20, 1931.

NOTE.—Women's Christian Association of Philadelphia v. Lippincott, has now been reported in 9 N. J. Mis. R. 133.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *George W. C. McCarter.*

For the respondent, *Howard Ewart.*

PER CURIAM.

This writ brings up for review a tax assessment for the year 1929 against the lands and buildings and personal property therein contained of the prosecutor, which is a corporation organized under "An act to incorporate associations not for pecuniary profit," approved April 21st, 1898. It claims exemption under "An act for the assessment and collection of taxes (Revision of 1918)." *Pamph. L.* 1918, *p.* 847, § 203, ¶ 4. The property consists of about seven acres, on which is one large main building and some small outbuildings, and is conducted as a summer home for working girls and without effort or intent or purpose of profit. It is open only during the summer months. A weekly charge of thirteen dollars is made and the total receipts are not sufficient to meet the expenses; the deficit being made up through voluntary dona-

tions by charitably disposed persons. Originally the prosecutor was a Pennsylvania corporation, but in order to meet the requirements of the Tax Assessment act of 1918, *supra,* it became incorporated under the laws of this state in the manner before stated, and the Pennsylvania corporation conveyed to it the property in question.

We conclude that the proofs establish that the prosecutor is an association of the character entitling its lands and property to the exemptions provided for by the Tax act, *supra.* The facts and situations seem to us to be identical with those in the unreported case of Women's Christian Association of Philadelphia *v.* Lippincott, collector, cited *verbatim* by the prosecutor.

While it is freely admitted that prosecutor became incorporated under the laws of this state for the purpose of meeting the requirements of our Taxing act, it should not be denied such exemption upon the ground that this was a subterfuge to escape taxation. It did not thereby change its fundamental character as a charitable or benevolent association not conducted for profit, as was the situation in *In re Dwight School,* 51 *N. J. L. J.* 148; *Montclair* v. *State Board,* 86 *Id.* 34; *Carteret Academy* v. *Board,* 102 *Id.* 525, cited by respondent.

While we are satisfied that the buildings and personal property of the prosecutor are exempt from taxation, and, therefore, as a necessary result of such finding, some part, if not all, of the lands are also exempt, yet, an insurmountable difficulty stands in the way of a complete finding in this direction. The statute relied upon provides for the exemption of all buildings coming within the prescribed use; all furniture and personal property devoted to such use, and "the land whereon any of the buildings hereinbefore mentioned are erected and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose, and does *not exceed five acres in extent * * *.*"

The prosecutor's contention appears to be that as there are two or more buildings devoted to an exemptible use and

as there are only seven acres in the tract, a proper construction of the statute requires an exemption of the entire seven acres, as in no instance could there be more than five acres to any building.

The respondent seems to urge that in no event more than five acres of the tract can be exempt, and cites *Institute of Holy Angels* v. *Bender,* 79 *N. J. L.* 34.

The proofs before us do not show or establish, with any certainty, the total number of buildings, nor the character, uses or locations of those which are referred to as "small outbuildings." Based upon anything appearing in the proofs before us it would be the height of speculation for us to find that all these buildings were not located upon a tract with the main building and included within five acres surrounding it, or even if that should in fact be so, that such tract of five acres was necessary to the fair enjoyment thereof. In a case of this character the burden is upon the prosecutor to establish its right to exemption.

The proofs may be searched, and in vain, to find anything showing how much of the tract of seven acres is necessary to the fair enjoyment of the buildings for the charitable and benevolent purposes to which they are dedicated. Were it not for what appears to us to be an admission, in the brief of respondent, that if the lands are at all entitled to be exempt, then five acres is the total extent, we should have to say and find that the record before us does not present proof warranting the exemption of any land other than that upon which the buildings are actually and physically located.

The statement in the brief of counsel of the respondent to which we refer is (page 4) : "It is apparent that there was more than one building on the tract. It would be ridiculous to assume, as the prosecutor's brief would apparently have us assume, that five acres of land was necessary to the fair use and enjoyment of each little outbuilding used in connection with the main building. Especially is this true by reason of the constant repetition of the courts that statutes such as that involved here are to be construed with the greatest strictness against the party claiming the benefits of such statutes."

Construing this strictly against the respondent as an admission that if the prosecutor's lands and properties are entitled to exemption, at least and only five acres of land are thereby exempt, and extending to the prosecutor the widest liberality in this direction, we are moved to find that five of the seven acres of the tract are subject to exemption.

We therefore find that the buildings, personal property and five acres of the tract are subject to exemption under the statute, and the assessment and tax against the same are set aside and the remaining two acres are subject to the assessment and tax against the same, and that such assessment and tax in respect to such two acres are affirmed.