ESSEX TROOP, A CORPORATION, PROSECUTOR, v. STATE TAX COMMISSIONER, STATE BOARD OF TAX APPEALS AND THE TOWN OF WEST ORANGE, DEFENDANTS.

Argued October 6, 1931—Decided May 23, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Pitney, Hardin & Skinner* (*Edward O. Stanley, Jr.,* of counsel).

For the defendants, *Grosso, Brundage & Anderson* (*Norman L. Brundage,* of counsel).

PER CURIAM.

The question presented by the return to this writ of *certiorari* is whether the lands of the prosecutor, Essex Troop, which is a private corporation organized under "An act to incorporate associations not for pecuniary profit," is exempt from taxation by virtue of section 203, subdivision 3 of the Tax act of 1918 as amended by chapter 338 of laws of 1927, page 790.

The question seems to come down to one of statutory construction. The town of West Orange imposed a tax for the year 1929 and a tax for the year 1930, of course upon the theory that the prosecutor was not exempt, because the property is not "owned and used for military purposes by any organization under the jurisdiction of this state, or of the United States" within the meaning of the Tax act. Such action, imposing such taxes, was affirmed by the state board of taxes and assessment.

Of course, the statute must be strictly construed and cannot be permitted to extend in scope beyond what the terms of the concession clearly require. *Mausoleum Builders of New Jersey* v. *The State Board of Taxes,* 88 *N. J. L.* 592; 96 *Atl. Rep.* 494; *affirmed,* 90 *N. J. L.* 163; 100 *Atl. Rep.* 236.

It is admitted by the stipulation of facts that the property in question is owned by the Essex Troop, and was and is exclusively used for military purposes by the 102d Cavalry Regiment, New Jersey National Guard; that the Essex Troop does not use the property in any way whatever; that in 1928 it leased the property to the United States Government for use as a rifle range for a period of five years.

Therefore, the question arises, is the property owned by an organization under the jurisdiction of this state or the United States. West Orange contends that it is not. West Orange claims that the clause "any organization under the jurisdiction of this state or of the United States," means a military organization under the military jurisdiction of this state or of the United States, and that the Essex Troop, being a private corporation, organized under the act not for pecuniary profit, is not such an organization as is contemplated by the statute; and we think that is so.

It seems apparent that the statute contemplates that the organization owning and using land for military purposes shall be such an *organization* as shall be under the military jurisdiction of this state, or of the federal government—an organization that is recognized and authorized by the laws of the respective governments—and an organization created by law and subject to the control of the duly constituted authorities.

That a *corporation* organized under the laws of this state or of the United States does not come within the purview of the statute seems clear. Of course any corporation organized under the laws of this state is in a sense under the jurisdiction of this state, as is every individual living within the territorial limits of the state. But it seems to us that it could not be well argued that a private corporation organized under the General Corporation act and owning land in this state could gain exemption merely by permitting a military organization of the National Guard or of the United States to use the property, even though all income derived from the property above the expense of its maintenance were exclusively used for military purposes. The mere statement of such a construction of the statute seems sufficient to demonstrate its unsoundness. If a corporation organized under the General Corporation act could not thus gain exemption, what reason is there for exempting the property of a corporation organized for non-pecuniary profit, such as the prosecutor? We see none. Obviously, therefore, to obtain exemption, the land must be owned by some sort of *organization* other than a mere

·corporate organization; and, inasmuch as the statute pre-
scribes that the land must be used for military purposes by
an organization under the jurisdiction of this state, and owned
by such an organization, there can be no doubt that such an
·organization owning the land must be military in character.

Now, Essex Troop, the prosecutor herein, legally consid-
·ered, is neither a military organization, nor is it an or-
ganization under the military jurisdiction of this state, or of
the United States. It is rather a corporation, incorporated
under the act to incorporate associations not for pecuniary
profit.

The judgment of the state board of taxes and assessment
will be affirmed, with costs.