WEST RIDGELAWN CEMETERY, A CORPORATION, PROSE-CUTOR, v. STATE BOARD OF TAX APPEALS OF THE STATE OF NEW JERSEY, AND CITY OF CLIFTON, RE-SPONDENTS.

Argued January 17, 1940—Decided March 9, 1940.

Before Justices BODINE and PERSKIE.

For the prosecutor, *Louis A. Fasl* and *Samuel I. Kessler.*

For the city of Clifton, *John G. Dluhy.*

The opinion of the court was delivered by

PERSKIE, J.   Did the State Board of Tax Appeals err, as it is claimed it did, in denying prosecutor's asserted right to exemption of taxation of the lands allegedly used or dedicated for cemetery purposes?

Three cases involving the stated question were pending before the State Board of Tax Appeals for its consideration and determination.  In each case the petitioner below sought to cancel the assessment levied by the city of Clifton, as of October 1st, 1937, for the year 1938, on its particular premises, which assessment as levied was affirmed, on appeal, by the Passaic County Board of Taxation.  By concession of counsel for the respective parties the three appeals before the state board were tried, considered and determined together.

For a better understanding of the case at bar a brief statement of facts and disposition made of each case is necessary even though the judgment in one of the cases is not challenged.

1. West Ridgelawn Cemetery, a corporation organized under the Rural Cemetery act (now *R. S.* 8 :1-1, *et seq.*) appealed from the assessment on its lands, consisting of about sixty acres, known as Plot No. 25, Block No. 270, No. 25 Dwas Line Road.  The State Board of Tax Appeals pointed out that there had been, since the decision of the Court of Errors and Appeals in *West Ridgelawn Cemetery* v. *Clifton,* 109 *N. J. L.* 146; 160 *Atl. Rep.* 534, a "marked development in the cemetery use of this tract," and that the entire tract "has been fully plotted and planned for such use."  Accordingly, it determined that the entire tract was exempt from taxation and canceled the assessment.  That determination is not challenged.

2. The West Ridgelawn Cemetery and the Cresthaven Cemetery Association, the latter a business corporation organized under our General Corporation act (*R. S.* 14 :1-1, *et seq.*) appealed from the assessment on its lands (about four-

teen and one-half acres) and chapel, known as Plot No. 30, Block 281, No. 30 Passaic avenue. Joint ownership was alleged. The stated grievance was that the total assessment of $15,400 ($12,900 on land and $2,500 on improvements) was "in excess of the true value."

3. Cresthaven Cemetery Association also appealed from the assessment on its lands (about three and one-half acres) known as Plot No. 30, Block 281, No. 30A Passaic avenue. It alleged that it owned the land. Its grievance also was that the total assessment of $1,600 on the land was "in excess of its true value."

Notwithstanding the asserted grievance of each petitioner, each in fact urged "that it was entitled to the claimed exemption by virtue of the provisions of *R. S.* 54:4-3.9" which exempts, *inter alia,* "* * * cemeteries and buildings for cemetery use erected thereon * * *," and by virtue of the Rural Cemetery act (now *R. S.* 8:2-27) which provides that "the cemetery lands and the property of any cemetery association, however incorporated, actually used for cemetery purposes * * * shall be exempt from all taxes * * *."

The State Board of Tax Appeals affirmed the assessments. That affirmance was made to rest upon the premise that lands described in cases (2) and (3) constituted one unit; that these lands were equitably owned by the Cresthaven Cemetery Association; that the association was operated not as a cemetery association but rather as a business corporation, organized under the General Corporation act (*R. S.* 14:1-1, *et seq.*) and, therefore, was not, under the case of *Mausoleum Builders of New Jersey* v. *State Board,* 88 *N. J. L.* 592; 96 *Atl. Rep.* 494; *affirmed,* 90 *N. J. L.* 163; 100 *Atl. Rep.* 236, entitled to the claimed exemption. Judgments of affirmance were accordingly entered. The judgments are now challenged.

Pursuant to leave granted by order of the court, depositions were taken. These proofs tend further to augment the grounds urged below for the claimed exemption and present the new or changed claim that the Cresthaven Cemetery Association was not the equitable owner of the lands assessed as of October 1st, 1937; that it was merely operating as the "sales agency" for West Ridgelawn Cemetery; and that if

the exemption is not allowed to it "there will be no way of enforcing the payment of the assessments," since *R. S.* 8 :2-27 also provides that said lands "* * * shall not be liable to be sold on execution * * *."

We pass over the question as to the right of West Ridgelawn Cemetery to challenge the judgments against Cresthaven Cemetery Association, which is not a party prosecutor, and which right is asserted by virtue of *R. S.* 54:5-6 which provides that "all unpaid taxes on lands * * * shall be a lien on the land on which they are assessed on and after December first of the year in which they fall due," and proceed to discuss and determine on the merits the efficacy of the grounds urged in support of the claimed exemption.

*First:* The Cresthaven Cemetery Association succeeded to the rights of one Aaron Sacks to the lands in question. Aaron Sacks acquired the lands from the receiver of West Ridgelawn Cemetery. See *Atlas Fence Co.* v. *West Ridgelawn Cemetery,* 120 *N. J. Eq.* 239; 184 *Atl. Rep.* 638; *affirmed,* 120 *N. J. Eq.* 616; 187 *Atl. Rep.* 366. A reading of the bid of Sacks, of the opinion of Vice-Chancellor Kays advising the acceptance thereof, and of the order made in the cause thereon, completely negatives the suggestion that the status of Cresthaven Cemetery Association was merely that of a "sales agency" for West Ridgelawn Cemetery. On the contrary, the inescapable conclusion is that the relationship of vendor and vendee was intended to be and was in fact created. There is not a scintilla of proof in support of any authorized change of that relationship. Moreover, the agreements between Cresthaven and its purchasers, the deeds from West Ridgelawn Cemetery to Cresthaven and deeds by the latter to its purchasers further demonstrate that there is no relationship of principal and agent between West Ridgelawn Cemetery and Cresthaven. The relationship is clearly that of vendor and vendee.

*Second:* Tax exemptions are not favored. Each claim for exemption must be critically examined. Unless the right is clearly established it should be and is denied. *Cf. Cooper Hospital* v. *Camden,* 70 *N. J. L.* 478; 57 *Atl. Rep.* 260. The Cresthaven Cemetery Association, as we have seen, is a busi-

ness corporation organized and operating for profit. It uses its capital to buy, sell and acquire cemetery lots, &c., for profit. It has the equal power, under its charter, to use its capital to manufacture tombstones, ornamental statuary, for profit, to operate a hotel, a mine, or for any of the many and diversified other objects permitted under our General Corporation act.

The Rural Cemetery act, *supra,* exempts cemetery lands and property of a *cemetery association,* however incorporated, but it does not exempt the lands and property of a business association, organized under our General Corporation act, which chances to deal, *inter alia,* in cemetery lots for profit.

Strict compliance with applicable public laws is a *sine qua non* to the right of exemption from taxation. Here the Cresthaven Cemetery Association, as we have seen, did not form and organize, or continue its corporate existence, or manage and conduct its operations, or otherwise comply with the provisions of the Rural Cemetery act, *supra,* which it now invokes in support of its claim. This it cannot do. We are entirely in accord with the view of the State Board of Tax Appeals that there is nothing in principle to distinguish the case at bar from the sound holding in the case of *Mausoleum Builders of New Jersey* v. *State Board, supra.* Cresthaven Cemetery Association was properly denied its claim for exemption.

*Third:* We are not presently concerned with the problem as to just how the city of Clifton may proceed, in light of the provision in *R. S.* 8:2-27 prohibiting the sale of cemetery lands on execution, to enforce the collection of the taxes due it.

The State Board of Tax Appeals did not err in affirming the challenged judgments.

The writ is dismissed, with costs.