DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPEALS OF TOWN OF DOVER, PETITIONER, v. THE KNIGHTS OF COLUMBUS HOME ASSOCIATION, RESPONDENT.

(For the years 1944 and 1945.)

Decided March 12, 1946.

For the petitioner, *Samuel C. Meyerson.*

For the respondent, *William H. H. Ely.*

Conklin, Commissioner. Petition was originally filed by the Town of Dover for the tax year 1944, which petition sought to reverse the action of the Morris County Board of Taxation holding that the lands and buildings of the Knights of Columbus Home Association, known as No. 140 East Blackwell Street, or Block 144, Lot 82 in that taxing district, are exempt from taxation. Before these matters came on for hearing the petition of appeal was filed for the year 1945, seeking the same action. Counsel for the respective parties stipulated that both matters should be heard and determined at the same time. For each of these years the said property was assessed by the Town of Dover at a valuation of land $1,750, building $1,250, total $3,000.

There is no dispute as to the facts in the cause. The Knights of Columbus Home Association is the legal owner of the property which it holds in trust for the beneficial use of Lafayette Council No. 514, Knights of Columbus, Dover, New Jersey. Membership in the Knights of Columbus Home Association is concomitant with membership in the Lafayette Council.

The sole question in this case is whether the Knights of Columbus Home Association is entitled to an exemption under the provisions of chapter 243, laws of 1941 (*R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6) which provides in part: "The following properties shall be exempt from taxation under this chapter * * * all buildings actually and exclusively used in the work of the associations and corporations organized exclusively for the moral and mental improvement of men, women and children, or for religious, charitable or hospital purposes, or for one or more such purposes; * * *."

The certificate of incorporation of the Knights of Columbus Home Association sets forth: "The purposes for which this corporation is formed are to promote and advance the interest and welfare of the order of the Knights of Columbus, to aid, assist and relieve its members and their families, to encourage and cultivate the principles of charity, benevolence, brotherly love and patriotism; to acquire, own, hold, operate, manage and control lands and buildings as a club-house and grounds for the use and enjoyment of its members; to engage in and provide any and all kinds of amusements, entertainments, refreshments, sports and contests and anything that may be desired by or pleasing to its members, or necessary, convenient or proper for the maintenance and operation of a well-appointed club." Counsel for the association introduced as part of his exhibits the by-laws and loan by-laws of Lafayette Council No. 514, Knights of Columbus, Dover, New Jersey, together with the charter, constitution and by-laws of the national organization, which govern the Supreme, State and more particularly the Subordinate Council, the beneficial owner.

Apparently it was the intention of the legislature to differentiate charitable and religious organizations from fraternal organizations and not to include them within the provisions of *R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6, for *R. S.* 54:4–3.26; *N. J. S. A.* 54:4–3.26, subsequently declared unconstitutional, applied solely to fraternal organizations.

Undoubtedly there is a great deal of religion in the work of the Knights of Columbus, as membership is confined to members of the Roman Catholic Church. In the same vein, the organization does a great deal for good, but these limitations of membership and praiseworthy ideals do not take it out of the category of a fraternal organization. We must consider all the facts, and from the stipulation, testimony and evidence it appears that Lafayette Council No. 514, Knights of Columbus, Dover, New Jersey, is a fraternal organization. In the charter, constitution and by-laws, which confer their charter, repeated reference is made to the organization as an "Order." Passwords are indicated, and their laws, rules and regulations indicate the conferring of degrees

as a fraternal order. The certificate of incorporation of the Knights of Columbus Home Association sets forth purposes that are unquestionably fraternal.

It has been repeatedly held that a grant of exemption from taxation, being in the nature of a renunciation of sovereignty, must invariably be construed most strictly against the grantee, and can never be permitted to extend, either in scope or duration, beyond what the terms of the concession clearly require. *Sisters of Charity of St. Elizabeth* v. *Cory,* 73 *N. J. L.* 699, 706; 65 *Atl. Rep.* 500; *Cooper Hospital* v. *City of Camden,* 70 *N. J. L.* 478; 57 *Atl. Rep.* 260; and *Mausoleum Builders of New Jersey* v. *State Board of Taxes,* 88 *N. J. L.* 592; 96 *Atl. Rep.* 494; *affirmed,* 90 *N. J. L.* 163; 100 *Atl. Rep.* 236.

To merit the exemption, the burden is upon the person claiming the exemption to adduce facts bringing his case within the terms of the statute granting the exemption. *Carteret Academy* v. *State Board,* 102 *N. J. L.* 525; 133 *Atl. Rep.* 886; *affirmed,* 104 *N. J. L.* 165; 138 *Atl. Rep.* 919; *Blair Academy* v. *State Board,* 6 *N. J. Mis. R.* 498; 141 *Atl. Rep.* 789; *affirmed,* 106 *N. J. L.* 556; 146 *Atl. Rep.* 912; *Y. W. C. A.* v. *Pelham,* 9 *N. J. Mis. R.* 196; 153 *Atl. Rep.* 397; *affirmed,* 108 *N. J. L.* 553; 158 *Atl. Rep.* 544.

The Knights of Columbus Home Association has not established its right to benefit under the provisions of chapter 243, laws of 1941 (*R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6).

Therefore the judgment of the Morris County Board of Taxation is reversed and lands shall be assessed for the tax years 1944 and 1945 at $1,750 and $1,250, total $3,000, the amounts of the original assessments.