THE BOROUGH OF ORADELL, A MUNICIPAL CORPORA-
TION OF THE COUNTY OF BERGEN AND STATE OF
NEW JERSEY, PROSECUTOR, v. THE STATE BOARD OF
TAX APPEALS AND HACKENSACK WATER COMPANY,
A CORPORATION OF THE STATE OF NEW JERSEY,
RESPONDENTS.

Argued January 22, 1941—Decided February 27, 1941.

Before Justices BODINE and PORTER.

For the prosecutor, *George W. Babcock* (*Robert Carey* and *Harry Lane,* of counsel).

For the respondents, *Milton, McNulty & Augelli.*

The opinion of the court was delivered by

PORTER, J.   This writ of *certiorari* brings up for review a judgment of the State Board of Tax Appeals entered June 18th, 1940, reducing the tax assessment on property of the Hackensack Water Company, respondent, for the year 1937, by the borough of Oradell, prosecutor, from a total of $2,654,335 to the sum of $2,179,335.

The proceedings were pursuant to *N. J. S. A.* 52:2-41 which provides as follows:

"Correction of Errors by Consent.   The Board may at any time on application by a property owner, with the consent of the mayor or assessor of the municipality affected, correct errors in tax assessments."

The petition of the respondent was that the assessment be corrected fixing it at $2,179,335 to which petition was affixed a consent signed by the assessor of prosecutor, in these words:

"The Assessor of the Borough of Oradell, after a review of the records, hereby states that in his opinion the aforesaid correction and reduction is justified and approved, and is made pursuant to Revised Statutes 54:2-41, for the purpose of correcting an error and mistake in the said assessment. Fred Moeller Assessor."

The petition was also consented to in writing by the Bergen County Board of Taxation. In the opinion of President Quinn of the State Board of Tax Appeals the above facts were recited and then he said:

"R. S. 54:4-41 allows this board to make correction of errors in tax assessments at any time, with the consent of the mayor or assessor of the municipality affected. This may be done without hearing or notice to the taxing district. *North Bergen* v. *State Board, 2 N. J. Mis. R. 258; affirmed, 101 N. J. L. 235.* The statutory prerequisite being duly complied with in this case, we are of the opinion that the correction prayed for should be made. It is therefore ordered that the assessment be fixed at land, $300,000; improvements, $1,728,489; and personalty, $150,846; or total $2,179,335. Judgment accordingly."

We are in full accord with those views. The appellant argues that *North Bergen* v. *State Board, supra,* is not in point because in that case there was an appeal pending before the State Board which is not the situation with the case at bar. We think that the point is without merit. The statute, *supra,* clearly vests power in the State Board to correct errors *at any time.* The only conditions imposed are that the application of the property owner be consented to by the mayor or assessor. Nothing is said about an appeal and it seems clear that no such action is necessary.

The testimony taken on this writ has to do with previous proceedings concerning this assessment. The respondent objects to consideration of that testimony on the ground that it is extraneous and immaterial to the issue here presented. We think that is so. It appears that on March 3d, 1937, the respondent filed a petition of appeal with the Bergen County Board of Taxation from an assessment on this property for 1937. Annexed to the petition was a written consent to a

reduction of the assessment signed by the assessor reciting that the reduction had been agreed to by the respondent and the mayor and council of the borough. The county board reduced the assessment pursuant to that petition. Later on the borough filed an appeal from the judgment of the county board to the State Board of Tax Appeals, assigning as error the fact that a copy of the petition was served upon the borough assessor and not upon the borough clerk or attorney, as provided for in the statute, *N. J. S. A.* 54:3-21. The State Board found that it had no jurisdiction because the service of the appeal has been defective. An appeal by the borough to this court resulted in an affirmance, 123 *N. J. L.* 86. The Court of Errors and Appeals, however, reversed on the ground that the State Board had jurisdiction, 125 *N. J. L.* 37. The result of that litigation was that the assessment remained as originally made. Nothing was decided on the merits of the petition nor do we see that there is any materiality of same to the instant case. It was while the matter was in that posture that the instant proceedings were instituted.

Nowhere in the record before us does it appear why the borough after consenting to the reduction on the original petition litigated the matter. Nor does the record show why in the instant case the assessor certified that there was an error in the assessment and consented to its correction, nor that his action in that regard was without the consent of the borough.

However that may be, the only question before us is whether or not the judgment under review was properly entered. For the reasons stated we conclude that it was.

The writ is dismissed, with costs.