RIMM, J. T. C.
This local property tax matter involves the correction of errors statute, N.J.S.A. 54:2-41. It is before the court on the complaint of the taxpayers demanding judgment correcting the assessment for the tax years 1972-1980 for Block 1108-24, Lots 268, 269 and 270, commonly known as 3160 Oceanic Drive, Toms River.
Prior to the original trial date, a copy of a proposed order for correction of assessment by consent was sent to the court by counsel for the municipality. The order recited in its preamble *531 that (1) the subject property had been assessed for 1977, 1978, 1979 and 1980 as though it had a basement; (2) there is no basement in the property; (3) the value of a basement had been added to the value of the improvements in calculating the value of the property; (4) it would have been proper to deduct from the value of the improvements a factor reflecting the absence of a basement and (5) the parties consent to the correction. The order then provided that the original assessment, as follows:
Land $ 3,600
Improvements 29,400
Total $33,000
be corrected for the years 1977, 1978, 1979 and 1980, as follows:
Land $ 3,600
Improvements 24,200
Total $27,800
After review of the order, the court notified the plaintiffs, the attorney who had been reported to the court as representing the plaintiffs but who did not appear at the trial, and the township solicitor that proof should be presented in open court in accordance with N.J.S.A. 54:2-41 which provides that the Tax Court may require further proof in a correction of errors matter and may grant or deny the claim as the court shall deem necessary and proper.
At trial the complaint was amended with the consent of the parties to allege errors for the years 1977, 1978, 1979 and 1980, in compliance with the provision of N.J.S.A. 54:2-^41 that a correction of errors complaint must be filed not later than December 31 of the third year following the year in which the error was alleged. The complaint was filed on September 16, 1980, and even if the plaintiffs were entitled to relief, only the years 1977 through 1980 and not 1972 through 1980 could be corrected.
The testimony for plaintiffs was that they purchased the subject property in 1972 for $28,500. From time to time, over the years, plaintiffs complained to the local tax assessor about their assessment. The assessments were reviewed, explanations of value were given to plaintiffs, the assessments were not *532 changed and plaintiffs never filed appeals from the assessments to the Ocean County Board of Taxation. After August 15,1980 plaintiffs complained again to the assessor. Again the assessment was reviewed. This time a review of the property record card disclosed that assessed valuation had been calculated on the basis of a basement in the property, although there is no basement in the property.
The township’s tax assessor testified that, had plaintiffs come to him before August 15, 1980, he would have advised them to file a petition of appeal with the county board of taxation. He also said that the present system followed in the township is to use the 1976 assessments and to carry them forward.
A review of the history of the correction of errors statute is necessary to a proper determination of this matter. In Oradell v. State Bd. of Tax App., 126 N.J.L. 112, 18 A.2d 406 (Sup.Ct. 1941), aff’d 127 N.J.L. 226, 21 A.2d 738 (E. & A. 1941), the court considered the statute then in effect and permitted a correction even though a previous appeal for the very year corrected had been appealed to the Court of Errors and Appeals with the result that the assessment remained as originally made. Id. at 114, 18 A.2d 406 and Oradell v. State Bd. of Tax App., 125 N.J.L. 37, 13 A.2d 479 (E. & A. 1940). The statute then in effect provided in total:
Correction of Errors by Consent. The Board may at any time on application by a property owner, with the consent of the mayor or assessor of the municipality affected, correct errors in tax assessments. [126 N.J.L. at 112, 18 A.2d 406]
The opinion in Oradell cited North Bergen v. State Bd. of Taxes and Assess., 2 N.J.Misc. 258, 127 A. 546 (Sup.Ct.1924), aff’d 101 N.J.L. 235, 127 A. 546 (E. & A. 1925), which held that the statute permitted the state board to correct alleged assessor’s errors in respect to value, with the consent of the assessor of the municipality. Neither notice nor hearing, even if demanded, were necessary for the correction. That statutory provision is different from the one now before the court.
The abuses inherent in the statute as interpreted by Oradell probably prompted a change by the Legislature in 1946. The correction of errors statute then provided:
*533 Correction of errors by consent. The Division of Tax Appeals in the State Department of Taxation and Finance may, at any time, on written application by a property owner, with the consent of the majority of the governing body of the municipality affected, to be evidenced by a true copy of a resolution adopted by such governing body certified by its clerk, correct errors and mistakes in tax assessments; provided, that such application and resolution shall set forth the facts causing and constituting the error and mistake sought to be corrected, and that such facts be verified by affidavits of the property owner and the assessor of such municipality, respectively. The division may require such further proof and grant or deny such application as it may deem necessary or proper. [As amended, L. 1946, c. 161, § 10; N.J.S.A. 54:2-41]
N.J.S.A. 54:2-41, amended by L. 1979, c. 44, § 1, and by L. 1979, c. 114, § 8, making it applicable to the Tax Court, now provides:
The tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments; provided, that such complaint shall set forth the facts causing and constituting the error or errors and mistake or mistakes, or either thereof sought to be corrected, and that such facts be verified by affidavits submitted by the plaintiff; provided, however, that the tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor’s opinion or judgment . .. The tax court may require such further proof and grant or deny such complaint as it may deem necessary or proper.
Even though the Legislature specifically deleted the consent provisions from the statute, consent judgments are favored and should be upheld absent some legal defect in the proceedings. Jannarone v. W. T. Co., 65 N.J.Super. 472, 168 A. 2d 72 (App.Div.1961), certif. den. 35 N.J. 61, 171 A.2d 147 (1961); Newark’s Appeal, 37 N.J.Super. 175, 117 A.2d 156 (App.Div. 1955). But the court must have jurisdiction over the subject matter of the consent judgment. In State v. Osborn, 32 N.J. 117, 160 A.2d 42 (1960), the Supreme Court stated:
Jurisdiction over the subject matter is the power of a court to hear and determine cases of the class to which the proceeding in question belongs. It rests solely upon the court’s having been granted such power by the Constitution or by valid legislation, and cannot be vested by agreement of the parties. Peterson v. Falzarano, 6 N.J. 447, at page 454 [79 A.2d 50] (1951); Abbott v. Beth Israel Cemetery Ass’n. of Woodbridge, 13 N.J. 528 at page 537 [100 A.2d 532] (1953). [32 N.J. at 122, 160 A.2d 42]
If there is no legally granted power in the court, the parties cannot confer jurisdiction pursuant to an agreement between themselves.
*534 The primary consideration in dealing with the correction of errors statute is therefore the underlying statutory procedure controlling tax appeals:
A taxpayer feeling aggrieved by the assessed valuation of his property ... may on or before August 15 appeal to the county board of taxation by filing with it a petition of appeal ... The petition shall set forth the cause of complaint, the nature and location of the assessed property and the relief sought. The petition shall be signed and sworn to by the petitioner or his agent, and shall be in such form and contain such further information as may be from time to time prescribed by rule of the board, for the better understanding and determination of the appeal. [NJ.S.A. 54:3-21]
Any deviation from this appeal procedure, which is the method established by the Legislature for reviewing assessments, is analogous to an exemption and must be strictly construed. Both the correction of errors statute, when a complaint is filed by a taxpayer, and exemption statutes have the effect of denying tax revenues to taxing districts.
Statutes granting exemption from taxation represent a departure and consequently they are most strongly construed against those claiming exemption. [Princeton Univ. Press v. Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961)]
The correction of errors statute also has the effect of bypassing the normal procedure for challenging assessments and of extending the deadline for such challenges from August 15 of the tax year to December 31 of the third year following the tax year. Such a statutory provision must be strictly construed if it is not to do complete violence to the concept of finality of assessments requisite to the orderly financing of government. Cherry Hill Tp. v. U. S. Life Ins. Co. of N. Y., 1 N.J.Tax 236 (Tax Ct.1980); Prospect Hill Apts. v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737 (Tax Ct.1979); Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct.1979).
Construing the correction of errors statute to permit the correction of assessments based on incorrect information would permit the bypassing of the normal appeal procedure, would extend the appeal deadline and is contrary to the legislative purpose. NJ.S.A. 54:3-21 specifically says that, “A taxpayer feeling aggrieved by the assessed valuation of his property” (emphasis supplied) may appeal to the county board of taxation. *535 Here the taxpayers were aggrieved by the property’s “assessed valuation” and yet they chose to discuss the assessment with the assessor year after year instead of filing an appeal to the county board. Permitting the taxpayers to change the assessment under N.J.S.A. 54:2-41 cannot realistically be interpreted as the legislative purpose.
The mistake here is one where the assessment of the property was based on incorrect data. The assessor assessed the property on the basis of a basement. There was no basement in the property. The assessor’s use of incorrect data is not a mistake to be remedied under N.J.S.A. 54:2 — 41. The alleged mistake here involves an assessor’s opinion or judgment. Whether it falls within the type of mistakes the Legislature intended by “mistakes in tax assessments” is the dispositive issue. Under the ejusdem generis rule of statutory construction the words, “mistakes in tax assessments,” should be limited to mistakes like typographical errors and errors in transposing. Resnick v. East Brunswick Tp. Bd. of Ed., 77 N.J. 88, 389 A.2d 944 (1978).
It is not the purpose of the correction of errors statute to review assessments, or to review the assessor’s judgment or the facts on which he based the assessment. The assessment is a matter of judgment made up of various components. Once the assessment is made, it, taken as a whole, represents the assessor’s judgment or opinion of the assessed valuation of the property. The components making up the judgment of the assessor should not be reviewed by a correction of errors proceedings, and the assessment made by an assessor should not be disturbed by such proceedings. Such review is the province of the normal appeal process. To apply the correction of errors procedure to judgment decisions resulting in assessments would be destructive of the normal appeal process. “The entire legislative scheme is to provide a review of assessment valuations, on appeal of either the taxpayer or taxing district, first in the County Board, and secondly in the State Body.” Hackensack Water Co. v. Tax Appeals Div., 2 N.J. 157, 166, 65 A.2d 828 (1949).
*536 The proper application of the correction of errors statute is to clerical, administrative or ministerial actions after the assessor has made the assessment. The purpose of the statute is to correct errors in the assessment records of a municipality once the assessor has completed his work and then ministerial, clerical or administrative errors occur in the preparation of the assessing records. This construction of N.J.S.A. 54:2 — 41 accomplishes uniformity and relative ease of administration. Any other construction would lead to abuses in the entire statutory appeal process and would disturb the finality of assessments which the general statutory plan for taxation seeks to accomplish.
There are no reported cases in New Jersey under the present correction of errors statute. However, Farmingdale Realty Co. v. Farmingdale, 55 N.J. 103, 259 A.2d 708 (1969), involving N.J.S.A. 54:4-54, is helpful. That statutory provision permits the municipal governing body or the county board of taxation to correct assessments where by mistake the property has “been twice entered and assessed on the tax duplicate” or “where by mistake an assessment intended for one parcel has been placed upon another.” It is clear that the statute applies solely to mistakes of a clerical or administrative nature.
Of course, the provision would not be applicable where the mistake related not to whole or partial duplication of assessments, but to an error in the description of the property, as for example its size or the nature of the building thereon, which resulted in an incorrect assessment. Such mistakes go essentially to valuation and are remediable by appeal to the county board, [at 110, 259 A.2d 708]
The legislative history of the 1978 amendment to the statute is also helpful. The Senate Finance and Appropriations Committee stated that the
“... process was established to permit a timely correction of administrative errors, avoiding the need for a formal appeal to be processed. It is not intended that this process be used for settlement of challenges of an assessors [sic] opinion as to value of a parcel of real property or the assessment of property as real property.”
Thus, as the statute indicates, the concern lies with administrative errors and not challenges to the assessor’s opinion as to the property’s value.
*537 It is the policy of the law to insure the collection of taxes. Whenever possible, courts will construe statutes to accomplish that result. 3 Sutherland, Statutory Construction (4 ed. 1974), § 66.06; Gould v. Taxation Div. Director, 2 N.J.Tax 316 (Tax Ct.1981).
The construction of comparable statutes and the reasoning of cases in other jurisdictions are in accord with the views expressed here.
In New York Tel. Co. v. Linbrook Bd. of Trustees, 70 Misc.2d 559, 334 N.Y.S.2d 462 (Sup.Ct.1972), the court found that it was proper for a taxpayer to inquire into the intent of the assessor at the time the assessor prepared the tax rolls where the assessor claimed, in relation to increases in assessments after the close of the normal grievance period, that he was mistaken when he prepared the tax rolls and that he intended to set forth higher assessments than he actually used. In permitting the discovery asked for by the taxpayer, the court did not merely accept the assessor’s flat assertion that he made a mistake. It permitted the taxpayer to look into the nature of the mistake, and said:
If the original assessment rolls do not reflect a value different from that intended by the assessor at the time he prepared the rolls, he was not mistaken within the purview of Sec. 1412 and the assessments must be restored to the lower figures originally placed on the rolls. [334 N.Y.S.2d at 464]
Thus, the court would limit a change in the assessment rolls to those errors made following the actual making of the assessment. In Dade Cty. v. Budd, 219 So.2d 63 (Fla.D.Ct.App.1969), the court affirmed a trial court holding that the evidence supported a finding that the increase in the assessment of the property involved was not a correction of a mistake by the assessor in making the original assessment but represented a change in judgment by the taxing authorities as to original valuation. Although the court said that the determinative question is whether the change in the assessment, after certification, was a correction of a mistake by the assessor, or represented a change in judgment by the official, the facts indicated that there was merely an error in making entries of figures *538 prior to the original assessment certified. Even so, the court held that the nature of the error was such that permitting its correction would have the effect of increasing the value and changing the assessment. The change was not permitted. In Domogalla v. Revenue Dep’t, 283 Or. 377, 584 P.2d 256 (1978), the Tax Court of Oregon was sustained by the Supreme Court of that state in its holding that the law of Oregon did not authorize the Department of Revenue to change a roll relating to the assessment of state-owned property without the state’s first appealing the valuation to the board of equalization. In Domogalla there was an appeal in 1975 resulting in a substantial reduction in assessment. For 1976 the assessor used the same original assessment he had used for 1975. The state did not follow the normal appeal procedure required for appealing the 1976 assessment. Instead, an order was entered correcting the 1976 assessment under the correction of errors statute, on the basis that the 1976 assessment was excessive and that the same circumstances existed for 1976 that existed for 1975. Plaintiffs asserted that the state, as a taxpayer in the matter, was required to follow the same statutory procedure as any other taxpayer dissatisfied with an assessment and should have appealed the 1976 assessment to the proper hearing body. The state contended that the 1976 assessment could be corrected under the correction of errors statute. The court said that the statute authorizing the correction of tax rolls for errors or omissions authorized corrections only for clerical errors and did not authorize correction of alleged errors in the determination of the true cash value of property assessed. The court said that the legislation did not permit the court to overlook or suspend the long-standing statutory requirement that taxpayers must appeal in the normal process from their tax assessments. The Tax Court held that the correction of errors statute of Oregon did not apply and was restricted to the correction of clerical and mechanical errors made by the officer in charge of the rolls. The statute of Oregon contained a similar provision to that of New Jersey in that it specifically stated that errors in valuation judgment are not included in the correction of errors statute.
*539 In Kuhlemeier v. Los Angeles Cty., 2 Cal.2d 257, 40 P.2d 828 (1935), the plaintiff brought an action under § 3804 of the Political Code to recover excessive taxes paid on certain factory equipment. The complaint alleged that this excess was the result of a “clerical error” on the part of the county assessor in fixing the book value of the property. The cited Code section provided:
Any taxes, penalties, or costs thereon heretofore or hereafter paid more than once, or heretofore or hereafter erroneously or illegally collected, or any taxes heretofore or hereafter paid upon an assessment in excess of the actual cash value of the property so assessed by reason of a clerical error of the assessor as to the excess in such cases, or any taxes heretofore or hereafter paid upon an erroneous assessment of improvements on real estate not in fact in existence, when said taxes became a lien, may, by order of the board of supervisors, be refunded by the county treasurer. [40 P.2d at 828]
The court said that no relief would be granted where a complaint for recovery of alleged excessive taxes is based merely on an overvaluation or an excessive assessment of property unless relief has first been sought from the county board of equalization, except where, as provided in the cited Code section, the overvaluation is the result of a “clerical error” of the assessor. The court held that the plaintiff bookkeeper’s book value figure, which was based upon an allegedly “faulty system of bookkeeping and clerical errors” which the assessor adopted and which resulted in an excessive assessment, was not the result of a clerical or other error.
Rightly or wrongly computed, it was the bookkeeper’s deliberate and intended estimate of the value of the property. This being so, the adoption of such figure by the assessor cannot reasonably be said to be a “clerical error” on his part ... The error of the assessor, if any, was one of substance or of judgment, and was not clerical in character. [40 P.2d at 829-830]
In Los Angeles Shipbldg. & Dry Dock Corp. v. Los Angeles Cty., 22 Cal.App.2d 418, 71 P.2d 282 (D.Ct.App.1937), another action brought under § 3804, plaintiff charged that an erroneous and mistaken assessment was made because through “inadvertence, error and mistake” the assessor used an incorrect rental value in his calculation of the assessed value of plaintiff’s possessory interest in certain tidelands. Had the correct figure been used, there would have been no assessment. The court distinguished between property not properly the subject of taxation and proper *540 ty which is of a character properly subject to taxation but without taxable value. The court held that the erroneous and mistaken use of the incorrect figure for computation of assessment value was not a clerical error.
A clerical error exists when without evident intention one word is written for another ... a mistake in copying or writing ... a mistake which naturally excludes any idea that its insertion was made in the exercise of any judgment or discretion, or in pursuance of any determination ...
If the assessor had intended to use the figure $557,427.67 and through inadvertence had used $100 instead, that would be a clerical error. But under the allegations of this complaint, his use of the figure $100 was intentional and not inadvertent. [71 P.2d at 284; citations omitted]
Moreover, the court felt that “the courts should be, as they have been, slow to extend the cases in which recourse to the board of equalization is not made a prerequisite to the recovery of taxes paid.” Ibid.
At least two other California cases reach contrary results: Orpheum Circuit, Inc. v. Los Angeles Cty., 12 Cal.App.2d 257, 55 P.2d 901 (D.Ct.App.1936), and Associated Oil Co. v. Orange Cty., 4 Cal.App.2d 5, 40 P.2d 887 (D.Ct.App.1935). However, the conclusions reached in those cases were apparently based on that portion of § 3804 which provides that any taxes “erroneously or illegally collected . . . may ... be refunded.” Our statute has no comparable provision. So too, School Dist. of Minatare v. Cty. of Scotts Bluff, 189 Neb. 395, 202 N.W.2d 825 (1972), interpreted a broader correction of errors statute. The court held that where an error was made by the taxpayer in its inventory records, the error was a “clerical error” within the statute authorizing the refund of taxes paid as a result of a clerical error. The Nebraska statute, § 77-1734.01, R.R.S.1943, provided for a refund of taxes paid “as a result of a clerical error on the part of taxing officials of the state, county, or other political subdivision of the state, or any taxpayer.” [Emphasis supplied]
The clerk of the Tax Court will enter a judgment dismissing the complaint.