CRABTREE, J. T. C.
Plaintiff commenced this action pursuant to N.J.S.A. 54:2-41, the correction of error statute, to increase the partial assessments for 1976,1977 and 1978 imposed upon defendant’s property so as to reflect complete assessments for those years. The assessments were the same for all three years, namely:
*94 Assessment
Land $108,900
Improvements 250,000
Total $358,900
The issue is whether the statute can be applied to afford relief to plaintiff notwithstanding its failure to comply with the omitted assessment statutes, NJ.S.A. 54:4-63.12 et seq. and N.J.S.A. 54:4-63.31 et seq.
The facts are undisputed and may be briefly stated.
The property in question is owned by defendant and is known and designated as Block 145, Lots 10 and 11, on plaintiff-municipality’s tax map. In April 1970 a building permit was issued to defendant for the construction of an office building on the subject premises. A partial assessment was made in 1972, an additional partial assessment was made in 1973, and plaintiff put into effect a district-wide revaluation in 1974, at which time the property was assessed as indicated above. The improvements on the subject premises were completed, and the office building was fully occupied, in June 1975 at the latest.
Plaintiff seeks to increase the assessment to $458,200, the increase being allocable entirely to the improvements.
For the reasons hereinafter stated, plaintiff’s complaint is not cognizable under N.J.S.A. 54:2-41.
The subject property was completed and ready for occupancy in June 1975. Thus, an added assessment reflecting the value of completed improvements was in order for the last six months of that year. NJ.S.A. 54:4-63.3. Moreover, a complete assessment, taking into account the full fair market value of both the land and the improvements, could have been made as of October 1, 1975 for tax year 1976, the first year under review. Plaintiff’s failure to make such added assessment or complete assessment during 1975 or 1976 was not irremediable. Under the omitted assessment statutes, NJ.S.A. 54:4-63.12 and N.J.S.A. 54:4-63.31, an added assessment for the balance of *95 1975 could have been made at any time prior to the end of 1976. Failing that, plaintiff could have sought an increase in the assessment by appropriate petition filed with the county board on or before August 15 of any year to obtain an increase in the assessment pursuant to N.J.S.A. 54:3-21. The failure to assess as a completed improvement property theretofore assessed as a partially completed structure can be rectified by an omitted added assessment. New York State Realty & Terminal Co. Appeal, 21 N.J. 90, 121 A.2d 21 (1956). See Belles v. East Amwell Tp., 178 N.J.Super. 63, 2 N.J.Tax 103, 107-108, 427 A.2d 1144 (Tax Ct. 1981). Plaintiff’s inadvertence can only be corrected in accordance with the omitted assessment statutes, the very purpose of which is to provide for the taxation of real property which, through error, has been omitted from the assessment rolls, Snyder v. South Plainfield, 1 N.J.Tax 3, 9 (Tax Ct. 1980), or by seeking an increased assessment pursuant to N.J.S.A. 54:3-21. Manczak v. Dover, 2 N.J.Tax 529 (Tax Ct. 1981). To permit plaintiff to rectify its omission by means of the correction of error statute is to ignore the limitation period legislatively mandated in the omitted assessment statutes and to bypass the statutory proceedings for administrative and judicial review.[1] This would place N.J.S.A. 54:2-41 squarely in conflict with N.J.S.A. 54:4-63.12, N.J.S.A. 54:4-63.31 and N.J.S.A. 54:3-21, resulting in a pro tanto repealer of those statutes. The judicial authority in this State is to the contrary. Where there are two statutes on the same subject, effect will be given to both, and only where they are repugnant will one cancel the other. Simply put, implied repealers are disfavored. Goff v. Hunt, 6 N.J. 600, 80 A.2d 104 (1951); State v. States, 44 N.J. 285, 208 A.2d 633 (1965); 2A Sutherland, Statutory Construction (4 ed. 1973), § 51.02.
*96 The statutes may be reconciled by confining the scope of relief available under the correction of error statute to those matters expressly delineated therein, i. e., typographical errors, errors in transposition and mistakes in assessment, the latter, under the rule of ejusdem generis, being construed as mistakes in the nature of typographical or transpositional errors. Manczak v. Dover, supra. See Resnick v. East Brunswick Tp. Bd. of Ed., 77 N.J. 88, 100, 389 A.2d 944 (1978). Where any party, whether the property owner, the municipality or any taxpayer in the county, feels aggrieved by a real property tax assessment, the statutory mechanism for administrative or judicial review or, as in this case, administrative correction, must be utilized. Thus, if an alleged error can be remedied by compliance with the statutory procedures governing omitted assessments, those procedures must be followed. The correction of error statute can no more be used to circumvent those procedures than it can be employed to bypass the statutory scheme for administrative and judicial review of assessments. Manczak v. Dover, supra. See N.J.S.A. 54:3-21 and N.J.S.A. 54:2-39.
Judgment will be entered dismissing plaintiff’s complaint for all years under review.

N.J.S.A. 54:2-41, as amended in 1979, provides:
The Tax Court may, upon the filing of a complaint at any time during the tax year or within the next three years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in the assessments ____