RIMM, J. T. C.
In this local property tax matter plaintiff alleges an error in real property tax assessment correctable pursuant to N.J.S.A. 54:2-41. It is before the court on the complaint of the county demanding judgment correcting the assessment for the tax year 1979 for Block 665, Lots 3, 15 and 16, commonly known as 125 Washington Street, Toms River. At the time of filing the complaint was accompanied by a proposed stipulation of settlement reducing the total assessment from $354,900 to $118,333.33. An affidavit of the township assessor affixed to the stipulation stated, among other things, that he learned subsequent to the entry of the 1979 assessment that only one-third of the building was leased for 1979 to a nonexempt entity.
The matter is now before the court on a joint stipulation of facts and memorandum of law for disposition without trial. R. 8:8-1.
On or about August 29,1978 the county purchased the subject property for public use from a private individual. At the time of the purchase the property was occupied by several commercial tenants. By the time of acquisition of title all of the tenants except one which occupied approximately one-third of the building had vacated the premises. At title closing all taxes due for the year 1978 were paid in full, and the township tax collector was advised by county counsel of the acquisition of title to the property by the county. The collector was not then advised of the status of the building’s occupancy.
For the tax year 1979 the property was assessed as though it was not exempt. The joint stipulation stated:
During 1979, there was a series of correspondence between the County of Ocean and the Dover Township Tax Collector in which the Collector was advised that there was a single tenant in the property ... and that the balance was occupied by the County of Ocean. Due to an apparent lack of communication between all parties involved, the Tax Assessor was not advised of the scope of occupancy of the building .. . Thus, the Assessor continued to assess the property at 100% private use, notwithstanding the Collector’s knowledge.
No facts were submitted to the court explaining why the efforts of the assessor to ascertain the nature of occupancy failed.
*437 In support of its position the county cited Oradell v. Tax Appeals Bd., 126 N.J.L. 112, 18 A.2d 406 (Sup.Ct.1941), aff’d 127 N.J.L. 226, 21 A.2d 738 (E. & A.1941), and Appeal of Newark, 37 N.J.Super. 175, 117 A.2d 156 (App.Div.1955), and contended that: (1) N.J.S.A. 54:2 — 41 et seq. presents “an arguable position” that the court has statutory authority to permit such an adjustment of taxes, and (2) when two governmental entities have consented to such an adjustment of taxes because of an error made by the municipality in the communication of certain factual information between the tax assessor and the tax collector, the court should uphold such a consent agreement.
Two separate issues are presented to the court under the applicable statute. First, was an error made in the assessment of the subject property for the tax year 1979, as of October 1, 1978? Second, if there was an error, is that error correctable under the correction of errors statute, N.J.S.A. 54:2 — 41?
For disposition of the first issue, reference must be made to N.J.S.A. 54:4-3.3, which provides for exemption from local property taxation of the property of counties when used for public purposes: “Except as otherwise provided by article 1 of this chapter . . . the property of the respective counties . . . used for public purposes . . . shall be exempt from taxation.” Since an exemption from local property taxation is involved, the burden of proof is on the taxpayer claiming tax exemption to establish the asserted right. Jamouneau v. Tax Appeals Div., 2 N.J. 325, 66 A.2d 534 (1949). The party seeking an exemption has the burden of bringing itself clearly within the exemption statute and of overcoming all doubts, which are resolved against it. Long Branch v. Monmouth Med. Center, 138 N.J.Super. 524, 351 A.2d 756 (App.Div.1976), aff’d 73 N.J. 179, 373 A.2d 651 (1977); Dover v. Knights of Columbus Home Ass’n, 24 N.J.Misc. 84, 46 A.2d 376 (Tax App. Dep’t 1946). Even though the requisite of use for public purpose is accorded a liberal construction when tax exemption is sought by a government body, Newark v. Essex Cty. Bd. of Tax., 103 N.J.Super. 41, 246 A.2d 509 (Law Div.1968), mod. 54 N.J. 171, 254 A.2d 513 (1969), the *438 stipulated facts do not indicate any public use or public purpose for the one-third of the building occupied by the private commercial tenant. The facts do not indicate any holding of the property with the present design to devote it to public use within a reasonable length of time. See N. J. Turnpike Auth. v. Washington Tp., 16 N.J. 38, 106 A.2d 4 (1954). No evidence was presented to the court as to the length of the lease or the contemplated use by the county of the privately occupied portion of the building.
Related to the exemption issue is the right of the county to have an apportionment of the assessment for the property between taxability for the privately used portion and exemption for the publicly used portion.
In Long Branch v. Monmouth Med. Center, supra, the court dealt with an exemption for nonprofit purposes pursuant to N.J.S.A. 54:4-3.6, which requires that a building must be “actually and exclusively used” for exempt purposes. The court held that there was no statutory authority to grant an exemption for a portion of a building. Although the statute involved required actual and exclusive use and the statute presently before the court does not, there is also no statutory authority to allow apportionment between exempt and nonexempt uses in this case. “To hold otherwise would do violence to the principles of construction” for our exemption statutes. Id. at 537, 351 A.2d 756.
In Cairola-Barber Post No. 2342, Inc. v. Fort Lee, 2 N.J.Tax 262 (Tax Ct. 1981), the court permitted an apportionment between taxability and tax exemption, but that determination must be limited to the facts of that case and the particular exemption statutes considered. N.J.S.A. 54:4-3.5.
In Greenwood Cemetery v. Millville, 1 N.J.Tax 409 (Tax Ct.1980), the court specifically rejected the contention of the Attorney General that there should be an apportionment between exempt activities and nonexempt activities under N.J. S.A. 8A:1-1 et seq., and held such an apportionment improper.
When there is to be an apportionment, the Legislature has specifically provided for it. In dealing with nonprofit *439 organizations, N.J.S.A. 54:4-3.6 provides that if any portion of buildings used for colleges, schools, academies or seminaries are leased to profit-making organizations, that portion shall be taxed and only the remaining portion shall be exempt. Even such apportionment is to be limited in accordance with the legislative purpose expressed in Assembly Banking and Insurance Committee Statement, Assembly Bill 3260, L. 1977, c. 370, which states that the amendment would permit certain exempt institutions to rent part of their facilities to private retail establishments, such as banks or fast-food operations, for the convenience of their students.
“Nor can the application of the de minimis rule help the taxpayer here.” Greenwood Cemetery v. Millville, supra at 414. The use of one-third of a building is not de minimis.
Assessing the entire building as taxable for 1979 was correct, based on the record before the court.
The second issue presented to the court under the statute therefore need not be dealt with. It would in any event be disposed of adversely to plaintiff. Manczak v. Dover Tp., 2 N.J.Tax 529 (Tax Ct.1981). The argument of the county concerning consent is similarly disposed of by Manczak.
The complaint is dismissed. The clerk of the Tax Court will enter judgment accordingly.