188 N.J. Super. 500 (1983)
457 A.2d 1220
THOMAS SABELLA, KAREN SABELLA, JOSEPH CAPPADONNA AND JEANNE CAPPADONNA, PLAINTIFFS-APPELLANTS,
v.
LACEY TOWNSHIP, A MUNICIPAL CORPORATION IN OCEAN COUNTY, NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1983.
Decided February 22, 1983.
Before Judges FRITZ, JOELSON and PETRELLA.
*501 Pappa, Manna & Kreizman, for appellants (John D. Crowley, Jr. on the brief).
Respondent did not file a brief.
PER CURIAM.
This is an appeal by beleaguered taxpayers from a determination which, if left undisturbed, would undoubtedly represent the ultimate in the exalting of procedural technicality at the expense of substantial justice. Moreover, we are satisfied that the result was incorrect procedurally, and accordingly we reverse.
There is no dispute at all about the facts. The problem arose when a re-evaluation company described the property in question as having 580 front feet. In fact, it had 58.0, or fifty-eight, front feet. As a result, the property was assessed for $182,800 when the assessment should have been $40,800, a difference of $142,000. Simply put, on account of the conceded failure of the re-evaluation company to insert a decimal point, the taxpayers were assessed over four times (448%) that which should have been the proper assessment. Despite the fact that the municipality joined in the application to correct this obvious error, the judge of the Tax Court, citing Manczak v. Dover Tp., 2 N.J. Tax 529 (1981), for the proposition that the parties could not confer jurisdiction pursuant to an agreement between themselves, denied any relief, dismissed the complaint and ordered the entry of a judgment imposing a tax liability which, all concerned agree, is far in excess of that which it probably should be.
While for reasons which will appear the fact is probably irrelevant, it seems that the taxpayers did not file a timely appeal to the county board of taxation for understandable reasons uncontradicted in the record. It was explained to the Tax Court:
There are four taxpayers. They reside respectively in Middletown Township and in Ridgefield Park, New Jersey. The building [obviously the taxed property in question] they do not reside at or have offices in the building. The tax bill was sent to the building and also to the mortgage company, the mortgagee. The taxpayers never received any indication that this tax bill had been sent or *502 received until after the August 15th deadline. I've spoken to Mr. Smith [the Township Administrator, previously the Tax Assessor of Lacey Township] about it, and he says shortly after August 15th, 1981, he was contacted by one of the taxpayers.
As a result of this the Ocean County Board of Taxation, having received the appeal on the second day after the statutory filing deadline, dismissed the petition. There followed a complaint in the Tax Court, seeking relief on the basis that "plaintiffs had never been notified of the increased assessment until after the deadline for filing appeals had passed." As a matter of fact, the parties stipulated to a settlement of that action in the Tax Court adjusting the assessment for the mistake made. It is notable, although in the interest of justice not dispositive, that, as the Tax Court judge pointed out, this action was not denominated a correction of errors matter (N.J.S.A. 54:2-41), even though it should have been and is so denominated and argued here. It is abundantly clear that the Tax Court judge considered it as such.
In finding an absence of jurisdiction in the Tax Court, the Tax Court judge had this to say:
This matter is before the Court on a complaint alleging a correction of error. However, I am satisfied that this is not an error correctable under Manzak, Mr. Kreizman [plaintiffs' attorney], notwithstanding your argument. I think that Manzak makes it perfectly clear, and I think that it is the intention of the statute to limit corrections of errors once the assessor has concluded his and made his assessment, and if, in the process of making that assessment, he makes an error in transposition, or otherwise errs in arriving at the value . . at a value on the basis of which he makes an assessment, as I indicated to Mr. Corrigan earlier this morning, the taxpayers are not at a disadvantage. They can file an appeal. And if in this instance they didn't get the bill on time, that's . . it is their obligation. And not the obligation of the municipality if the bill was sent out properly. Beyond that, apparently they did file an appeal, although late, with the Ocean County Board of Taxation, which refused to hear the appeal due to late filing. Therefore, the Ocean County Board of Taxation does not have jurisdiction over this matter, and I do not have jurisdiction over it as well.
The fundamental error in Manczak v. Dover Tp., supra, is the holding there that Tax Court jurisdiction in correction of errors cases depends upon compliance with "underlying statutory procedure controlling tax appeals." That this is simply not so is demonstrated first by the fact that the correction of errors *503 statute, N.J.S.A. 54:2-41, has a substantially different time limitations period from that of the statutes controlling tax appeals. The former permits the property owner (among others) to file a complaint "at any time during the tax year or within the next 3 tax years thereafter." Of equally substantial significance is R. 8:2(c), unmentioned in the Tax Court decision as well as in the brief of plaintiffs before us. That rule clearly excuses failure of exhaustion of remedy by county board of taxation appeal. It reads thus:
(c) Exhaustion of Remedies Before County Board of Taxation. Except as otherwise provided by N.J.S.A. 54:3-21 (direct review of certain assessments to the Tax Court) or N.J.S.A. 54:2-41 (complaint for correction of error) no action to review a local property tax assessment may be maintained unless an action has been instituted before the County Board of Taxation.
Were it necessary to consider the point, we would probably incline toward disagreement with Manczak to the extent it suggests strict construction of the correction of errors statute on the basis of such a procedure "denying tax revenues to taxing districts." 2 N.J. Tax at 534. It is likely that this particular statute, being remedial and prophylactic, should be liberally construed, and equally likely that its proper use will never deny to the taxing district any revenue to which it was justly entitled. We do agree with the declaration in Manczak that jurisdiction cannot be conferred upon the Tax Court by consent. Nor can the parties control the ultimate decision in the Tax Court by consent in a correction of errors matter, as should be apparent from the amendment of N.J.S.A. 54:2-41 by L. 1979, c. 44, § 1, all as pointed out in Manczak.
But the error in the matter before us is to be found in the conclusion of the Tax Court judge that he did not have jurisdiction. Jurisdiction was certainly conferred by N.J.S.A. 54:2-41 since it is obvious that the written application by the property owner to that court was filed within three tax years of the mistake. That jurisdiction was not defeated by the failure of the appeal on jurisdictional grounds in the county board since appeal there in a correction of errors case is not required. R. 8:2(c).
*504 To the extent Manczak v. Dover Tp., supra, holds to the contrary, it is disapproved.
The judgment in the Tax Court is vacated and the matter is remanded to that court for consideration of the complaint on the merits. Determination in the Tax Court may be on the record, or the Tax Court judge may, in his discretion, require a new hearing. No costs are allowed on this appeal to either party. We do not retain jurisdiction.