RIMM, J.T.C.
These two local property tax matters are before me for the correction of an alleged error pursuant to the Correction of Errors Statute, N.J.S.A. 54:51A-7, formerly codified as N.J.S.A. 54:2-41. The tax years involved are 1983,1984 and 1985. Two separate complaints were filed because of a transfer of title during the period of time involved. One complaint alleges that the subject property, Block 922, Lot 5 was owned by Neptune Corporation until July 25, 1984. The other complaint alleges that the property has been owned since that date by Fred McDowell, who was a principal of the corporation. The two cases have been consolidated and will be treated as one case for the purpose of determining whether the alleged error is a correctable error.
*82 For the tax years in question the property was assessed as follows:
Land $4,218,500
Improvements 200
Total $4,218,700.
The taxpayer alleges that the “assessment is incorrect as a result of a typographical error, an error in transposing or other mistake” because the property was assessed for the years in question on the basis of a total area of 421.85 acres when in fact the property contained only 293.15 acres.
Following the filing of the complaints, defendant moved for summary judgment seeking dismissals of the complaints. In support of its motions, defendant submitted a certification of its assessor which stated that during the tax years 1983, 1984 and 1985 the subject property was assessed on the basis of 421.85 acres. Prior thereto, the property had been carried on the tax rolls from 1974 to 1976 on the basis of 438.07 acres. The tax rolls were amended in 1977 to reduce the acreage to 420.97 acres because of the taking of a portion of the property by the New Jersey Department of Transportation. The property was assessed for 1980, 1981 and 1982, as well as for the years in question, on the basis of 421.85 acres. The tax rolls were changed for 1986 after the correct acreage was brought to the township’s attention by the taxpayer and verified by the township engineer. The assessment for that year was $2,931,500 for the land and $200 for the improvements for a total of $2,931,700.
According to the assessor’s certification, the acreage was determined from information on various maps supplied by the taxpayer to the township tax assessors through the years. Attached to the assessor’s certification were exhibits indicating the following:
1. The tax appeal filed by the taxpayer with the Monmouth County Board of Taxation for the tax year 1972 showed the number of acres to be 438.07.
*83 2. Application for valuation, assessment and taxation of land under the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq., filed by the taxpayer for the tax year 1984, indicated a total acreage of 438.07 acres.[1] Attached to the application is a hand drawn map of the subject lot indicating that it had 438.07 acres.
3. The application for farmland assessment filed for the tax year 1985 indicated that the total acreage is 422 acres.
4. The application for farmland assessment filed for the tax year 1986 indicated a total acreage of 422 acres. Attached to this application is an “Addendum to Management Plan of 422 acre McDowell property prepared on May 1, 1984.” Attached to the plan is another hand drawn map of the property dated July 1, 1985 indicating that the property consisted of 422 acres.
5. The application for farmland assessment filed for the tax year 1987 indicated that the property consisted of 293.15 acres.
In response to the motions for summary judgment, taxpayer filed a certification of the office manager of Neptune Corporation which corroborates the facts of the assessor’s certification.
In its brief in support of the motions for summary judgment, defendant argues that, since there is no genuine issue as to any material fact, the matters are ripe for summary judgment. Plaintiff does not contend otherwise, and the matters will be disposed of on the motions.
In its brief, defendant also cites various decisions under N.J.S.A. 54:51A-7, and its predecessor statute: Sabella v. Lacey Tp., 204 N.J.Super. 55, 497 A.2d 896 (App.Div.1985), (Sabella II); Sabella v. Lacey Tp., 188 N.J.Super. 500, 457 A.2d 1220 (App.Div.1983), (Sabella I); American Dispenser Co., Inc. v. Carlstadt Bor., 8 N.J.Tax 70 (Tax Ct.1985); Flint v. Lawrence Tp., 6 N.J.Tax 97 (Tax Ct.1983); Manczak v. Dover Tp., 2 *84 N.J.Tax 529 (Tax Ct.1981). It relies primarily on American Dispenser Co., in which the property had been assessed as if it contained 1.75 acres when in fact it contained only .96 acres. In distinguishing the Sabella cases and dismissing the complaint, Judge Kahn said that the alleged error did not result from a typographical or transpositional error.
In Flint, the taxpayers sought correction of an alleged error claiming that their property had been overassessed in 1979, 1980 and 1981 because the assessment had been based on a lot size of 6.866 acres when in fact the land consisted of only 5.226 acres. The complaint was dismissed by letter opinion. A motion for reconsideration followed Sabella I and was denied. In holding that there was no correctable error, the court noted the potential “breakdown” in the normal appeal system if the alleged error were corrected.
In their brief in opposition to the entry of summary judgments, taxpayers argue that, based on Sabella II, the correction of error statute is to be liberally construed and that the present case presents the same issue as was presented in Sabella II. Accordingly, taxpayers claim that there should be a reduction in the assessment for the tax years 1983, 1984 and 1985.
At the time of oral argument, I queried counsel on the impact on the present matter of the recent decision of H.G.K.W. Corp. v. East Brunswick Tp., 8 N.J.Tax 454 (Tax Ct.1986), aff’d o.b. per curiam 9 N.J.Tax 91 (App.Div.1987). Counsel were given time to submit additional briefs dealing with that case, and each has done so.
In H.G.K.W. Corp., the taxpayer filed complaints alleging errors in 1985 improvements assessments. The taxpayer claimed that, as of October 1, 1984, its property met the criteria for exemption fpr new construction under N.J.S.A. 54:4-23a. Since the alleged errors were not transpositional nor typographical errors, the sole issue before the court was whether the imposition of assessments on the improvements as of October 1, *85 1984 was an erroneous action by the assessor under the category of “mistakes in tax assessments” in N.J.S.A. 54:51A-7. Taxpayer conceded that, if the matters did not involve correctable errors, the complaints were filed out of time under N.J. S.A. 54:3-21.
In holding that there were no correctable errors, Judge Andrew said that the alleged errors could not “be classified as clerical, mathematical, administrative or mechanical” and could not be corrected. The result was “grounded on the primary determination that the tax assessor’s actions are not mistakes in assessment as interpreted under the applicable judicial decisions and the language used in the statute itself.” H.G.K.W. Corp v. East Brunswick Tp., 8 N.J.Tax at 460. The court also said that Sabella II only differed from Manczak in holding that a transpositional error made before the assessor makes his assessment was correctable, but it was only a transpositional error which was corrected.
In its supplemental brief defendant argues that H.G.K.W. Corp. supports its position. It argues that the case interprets Sabella II as essentially agreeing with the rationale of Manczak, except that it held that the correction of error statute could be used to correct transpositional errors occurring before the assessment was made as well as transpositional errors occurring after the assessment was made. Since there is no transpositional error in the present case, the assessments cannot be changed for the years 1983, 1984 and 1985. Plaintiffs argue that H.G.K.W. Corp. does not apply to the present case because it dealt with assessments for improvements under N.J.S.A. 54:4-23a and not with land area.
 The dispute between the parties is resolved adversely to plaintiffs on the basis of American Dispenser Co., Flint and H.G.K.W. Corp. I hold that the assignment of an erroneous area to a property is not a mistake in assessment correctable under N.J.S.A. 54:51A-7 unless the erroneous area results from a transpositional or typographical error. Since there is no proof of any transpositional or typographical error in the *86 present case, the assessments for 1983, 1984 and 1985 cannot be changed under N.J.S.A. 54:51A-7.
In the present case, the assignment of an erroneous area to the subject property was the result of information supplied to the assessors by the taxpayers. Assessors have the right to rely on information supplied by owners, because owners may reasonably be expected to be a good source of information on their own properties. Cf. State of New Jersey, Division of Taxation, Handbook for New Jersey Assessors, (1980) V-15, V-26, V-28. I also hold that the results of actions taken by assessors in reliance on information supplied by owners are not correctable under N.J.S.A. 54:51A-7. Such reliance is not a mistake in assessment. “Mistakes in tax assessments” must be understood to mean mistakes such as typographical errors and errors in transposing. Bressler v. Maplewood Tp., 190 N.J.Super. 99, 461 A.2d 1218 (App.Div.1983); Red Bank Bor. v. N.J. Bell Telephone Co., 8 N.J.Tax 152 (Tax Ct.1986); McElwee v. Ocean City, 7 N.J.Tax 355, 362 (Tax.Ct.1985).
Sabella II does not require a contrary result. The holding in Sabella II was that transpositional errors made prior to the making of the assessment by the assessor, as well as transpositional errors made after the making of the assessment by the assessor, as was held in Manczak, are correctable. Sabella II disagreed with the rationale of Manczak in only that one respect, and I have already found that there is no proof of a transpositional error.
The motions for summary judgment are granted. The complaints are dismissed.

The application states that it is for 1983. It was, however, dated July 27, 1983 and, hence, had to be submitted for 1984. See N.J.S.A. 54:4-23.6(c).