CRABTREE, J.T.C.
Plaintiff moves for reconsideration of this court’s opinion of February 14, 1992, denying relief under the Correction of Errors statute, N.J.SA 54:51A-7, for 1987, 1988 and 1989. For the reasons hereinafter stated the motion will be granted.
The facts as established at the trial may be briefly summarized.
Plaintiff undertook a district-wide revaluation in 1986, effective in 1987. Defendant’s properly, a Lord & Taylor anchor store in *437 the Fashion Center Mall, was valued by the revaluation firm at $11,827,000. A principal of the revaluation firm, Richard M. Chaiken, discussed the proposed valuation with Douglas Turner, defendant’s representative, on or about December 5, 1986 and thereafter transmitted to Turner a brief written appraisal embodying the revaluation firm’s value estimate. The property record card prepared in connection with the revaluation also disclosed a value — and assessment — of $11,827,000.
Notwithstanding the clear understanding of all concerned, namely, the revaluation firm, the taxpayer and the assessor, that the assessment would be $11,827,000, the assessment that appeared on the tax rolls was $5,520,500. At the trial neither Chaiken nor the assessor could explain how the error occurred. They were left with speculation about possibilities: the numbers were changed in the course of transmission from the revaluation firm’s computer to the county board’s computer; block and lot identification was erroneously transposed and, as so transposed, fed into the computer; the computers used by the revaluation firm and by the county were incompatible, i.e., they employed different “languages.”
Whatever may have been the source of the error, what comes across with shining clarity is that the assessment was a mistake. Moreover, the mistake was not an error in calculation; it was not the result of incorrect data such as the size of the improvement (Chaiken’s value was developed by the income approach); it was certainly not the result of the assessor’s opinion or judgment.
This court held, in its prior opinion, that (a) plaintiff had failed to carry its burden of establishing the existence of a typographical or transpositional error and (b) the phrase “mistakes in tax assessments” should be narrowly construed, ie., confined to mistakes akin to typographical or transpositional errors. The court cited Manczak v. Dover Tp., 2 N.J. Tax 529 (Tax 1981), in support of the narrow construction.
This court’s prior holding was erroneous.
*438 In Sabella v. Lacey Tp., 188 N.J.Super. 500, 457 A.2d 1220 (App.Div.1983) (Sabella I), the Appellate Division disagreed with the strict construction of the Correction of Errors statute as reflected in Manczak. The court in Sabella I emphasized the remedial character of the Correction of Errors statute and the consequent need to accord it a liberal construction. In Sabella v. Lacey Tp., 204 N.J.Super 55, 497 A.2d 896 (App.Div.1985) (Sabella II), a reprise of Sabella I, the court reiterated its liberal interpretation of the statute.
In addition, the manner in which municipal-wide tax revaluations are conducted has changed dramatically since 1972, the earliest year involved in Manczak. The use of computers, with their capacity for storage, transmission and retrieval of masses of data, was far more prevalent in 1986, the year of plaintiffs revaluation, than in 1972. Indeed, the court may take judicial notice that computer technology is virtually indispensable to a timely, efficient completion of a revaluation. The phenomena of computer “glitches,” “crashes” and other technological obstacles to effective functioning, not to mention the hazard of lost or distorted data inherent in transmission between incompatible computers, were virtually unheard of in 1972.
Our courts recognize that when a development arises that was not anticipated by the legislature, the judiciary must sympathetically respond with an interpretation of the statute in harmony with the presumed legislative intent. New Capitol Bar & Chill Corp. v. Division of Employment Sec., 25 N.J. 155, 135 A.2d 465 (1957); New Jersey Builders, Owners and Managers Assn v. Blair, 60 N.J. 330, 288 A.2d 855 (1972). As Justice Holmes so felicitously put it:
A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used. Towne v. Eisner, 245 U.S. 418, 425, 38 S.Ct. 158, 159, 62 L.Ed. 372, 376 (1918).
The eminent legal scholar, Professor Karl Llewellyn, aptly described the task faced by the courts in construing statutory language in the context of changes in time and circumstance:
*439 Here the quest is not properly for the sense originally intended by the statute, for the sense sought originally to be put into it, but rather for the sense which can be quarried out of it in light of the new situation. Broad purposes can indeed reach far beyond details known or knowable at the time of drafting. A “dangerous weapon” statute of 1840, can include Tommy guns, tear gas, or atomic bombs. “Vehicle” in a statute of 1840, can properly be read, when sense so suggests, to include an automobile, or a hydroplane that lacks wheels. But for all that, the sound quest does not run primarily in terms of historical intent. It runs in terms of what the words can be made to bear, in making sense in the new light of what was originally unforseen [sic]. Kail Llewellyn, The Common Law Tradition: Deciding Appeals 374 (1960).
Thus, the phrase “mistakes in tax assessments,” as used in the Correction of Errors statute, must not only be construed liberally in light of Sabella I and II, but the phrase must also be construed in the context of the regnant computer technology.
Applying the foregoing principles to the credible evidence in this case, I cannot escape the conclusion that the source of the error (the mistake in the assessment) was in the computers.
The judgment dismissing plaintiffs complaint will be vacated. Plaintiff has established entitlement to relief under the Correction of Errors statute, subject to defendant’s right to judicial review of the corrected assessment.
Plaintiffs counsel will prepare the order and submit it pursuant to R 4:42-l(c).