WALLACE, J.A.D.
Plaintiff, Liva Group, appeals the Tax Court’s grant of defendant’s, Borough of Paramus, Motion to Enforce Settlement resulting in the dismissal of its complaint.
In 1995, the former owner of the assessed property appealed defendant’s 1995 assessment of $2.1 million. As a result of negotiations, the former owner of the assessed property and defendant agreed that the property would be assessed at $1.6 million. This agreement included, among other things, a provision making the “Freeze Act,” N.J.S.A. 54:51A-8, applicable to the $1.6 million assessment. Essentially, the effect of the Freeze Act was to make the 1995 assessment of $1.6 million conclusive and binding for the assessment year, 1995, and for the two subsequent assessment years.
The settlement was approved by the borough council on February 13, 1996. Before the Tax Court entered judgment on the settlement, the former owner sold the property to plaintiff on March 11, 1996. On March 15, 1996, the Tax Court entered a *611 judgment in the former owner’s appeal according to the terms of the settlement.[1]
On March 29, 1996, plaintiff appealed the assessment to the Bergen County Board of Taxation challenging the 1996 tax assessment of $1.6 million and the enforceability of the settlement between the former owner and defendant. The Bergen County Board of Taxation affirmed the 1996 assessment and plaintiff appealed.
The Tax Court found that the previous owner reached a settlement with defendant prior to plaintiff acquiring the property and the settlement should be enforced. Further, the judge noted, that the fact the judgment was actually entered after plaintiff acquired the property does not change the result because the settlement was reached prior to plaintiff taking title.
In this appeal, plaintiff contends (1) that the Freeze Act does not bar its appeal and (2) it was error to enforce the settlement. We find no merit in those assertions of error. R. 2:ll-3(e)(l)(A) and (E). Contrary to plaintiffs contention, the judge did not rely on the Freeze Act but rather found the settlement was a binding agreement enforceable against plaintiff, the subsequent owner. See Central Bergen Props. v. Elmwood Park, 6 N.J.Tax, 495, 498-501 (1984) (finding tax appeal settlement that included Freeze Act provision binding on taxpayer’s successor in interest). Moreover, there is a strong public policy favoring the settlement of litigation. See Nolan v. Lee Ho, 120 N.J. 465, 472, 577 A.2d 143 (1990). Barring proof of fraud or other compelling circumstances a settlement will be enforced in accordance with its essential terms. Id. Furthermore, the corrective action taken by the Tax Court in correcting the judgment on May 17, 1996 to change the block number had no effect on the essential terms of the settlement. The mistaken block number in the judgment was clearly a clerical error unrelated to the assessment amount. See N.J.S.A. 54:51A-7; Borough of Paramus v. *612 Etaner Enters., 14 N.J.Tax 450, 452-53 (1992) (purpose of statute for correction of errors in tax judgment was to correct ministerial, clerical or administrative error which includes typographical errors, errors arising from computer glitches, and other such errors).
We affirm substantially for the reasons expressed by Judge Kahn in his opinion from the bench on July 25,1997.
Affirmed.

 Subsequently, on May 17, 1996, the Tax Court corrected an error in the judgment that indicated the wrong block number of the property.